IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>    *Plaintiff*,<br><br>v.<br><br>Fair Collections & Outsourcing, Inc.,<br>et al.,<br><br>    *Defendants*. | Case No. 8:19-cv-02817-GJH |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES**

Plaintiff Bureau of Consumer Financial Protection (the Bureau) respectfully submits this reply memorandum of law in further support of its Motion to Strike Defendants' Amended Affirmative Defenses. In its motion, the Bureau moved to strike four of Defendants' Amended Affirmative Defenses: unclean hands, *bona fide* error, and two defenses regarding the constitutionality of the Bureau's structure.

In support of their amended unclean hands defense, Defendants make spurious allegations of Bureau "misconduct" but do not provide a single case holding that such conduct would satisfy the high standard for sustaining an unclean hands defense against the government. And Defendants have still failed to allege that such alleged misconduct prejudiced them in their defense of this matter, and that such prejudice rises to a constitutional level. With respect to their *bona fide* error defense, Defendants still do not identify any error whatsoever, nor have they identified any policies reasonably maintained to avoid such error. Finally, Defendants admit that they have only asserted defenses regarding the Bureau's structure to preserve those issues for appeal, but the Court's prior ruling on these issues preserves them for appeal, rendering the

defenses unnecessary and redundant. Accordingly, all of these defenses should be stricken and, because Defendants have now had two chances to properly plead these defenses and an opportunity to explain the validity of these defenses in their response brief, the Court should strike them with prejudice.

## I. THE COURT SHOULD CONTINUE TO APPLY THE *IQBAL/TWOMBLY* PLAUSIBILITY STANDARD TO AFFIRMATIVE DEFENSES

Defendants argue that this Court should depart from its prior rulings that the plausibility standard of *Iqbal* and *Twombly* applies to affirmative defenses. Defendants suggest that "[t]he only Circuit Court to address the issue" supports Defendants' position. That is incorrect. The case cited by Defendants, *Davis v. Indiana State Police*, did not address the pleading standard applicable to affirmative defenses. *See* 541 F.3d 760, 763-64 (7th Cir. 2008) (holding that a complaint "need not anticipate" and "plead around" affirmative defenses, noting that *Twombly* did not reallocate burdens of persuasion or production as to affirmative defenses). And at least one Circuit Court that directly addressed the pleading standard applicable to affirmative defenses held that the plausibility standard of *Iqbal* and *Twombly* applies. *See GEOMC Co. v. Calmare Therapeutics, Inc.*, 918 F.3d 92, 98 (2d Cir. 2019).

Defendants also cite the *Lockheed Martin Corp. v. United States* case in support of their argument that the plausibility standard should not apply. 973 F. Supp. 2d 591 (D. Md. 2013). But in that case, the court noted that the defendants had only had sixty days to file an answer in response to a complaint. *Id*. at 594. Here, Defendants had nearly a year and a half to articulate plausible affirmative defenses—they have not, so the Court should strike the defenses with prejudice. *See* Pl. Br. at 14.

2

## II. DEFENDANTS' AMENDED UNCLEAN HANDS DEFENSE SHOULD BE STRICKEN

Even in their opposition, Defendants have failed to identify egregious government misconduct that bears a nexus to their ability to defend against this suit, and results in prejudice to Defendants that rises to a constitutional level. Nor did Defendants identify a single case holding that the alleged "misconduct" that they claim the Bureau engaged in would be sufficient to sustain an unclean hands defense against the government. As discussed in the Bureau's opening memorandum and below, the defense should be stricken with prejudice.

Although not included in their amended affirmative defenses, Defendants argue in their opposition that the Bureau's Civil Investigative Demands (CIDs) contained an insufficient notification of purpose[1] and that this alleged insufficiency was a violation of due process. But, as Defendants admit, they did not use the Bureau's administrative process to challenge the notification of purpose in most of the CIDs that the Bureau served upon them. *See* Opp. Br. at 6-7. And though Defendants suggest in their brief that they never challenged the notification of purpose, that is false. Defendants did challenge the notification of purpose of one CID and, as a result, received the additional detail that they now claim to have been denied. *See* Order on Petition to Modify or Set Aside, Apr. 25, 2019, at 2-3 (attached as Exhibit 1).[2] Defendants' choice not to otherwise pursue the administrative process available to them during the

---

[1] The Bureau may seek information regarding violations of law through administrative subpoenas called "Civil Investigative Demands." The notification of purpose is a statement in a Bureau Civil Investigative Demand that sets forth "the nature of the conduct constituting the alleged violation which is under investigation and the provision of law applicable to such violation." 12 U.S.C. 5562(c)(2). In the Bureau's investigation of Defendants, the notification of purpose remained the same throughout the investigation until Defendants challenged it.

[2] *Available at* https://files.consumerfinance.gov/f/documents/cfpb_petition-to-modify_fair-collections-and-outsourcing-inc-et-al_decision-and-order.pdf.

3

investigation is certainly not a reflection that the Bureau somehow deprived them of due process. And it does not reflect misconduct by the Bureau, let alone egregious misconduct.

Defendants make several additional allegations regarding the Bureau's alleged misconduct in the investigation. These allegations are false. The Bureau did not misrepresent anything to Defendants regarding the Bureau's discretionary NORA process or in connection with entering into tolling agreements. And the Bureau did not serve CIDs in order to "harass and punish" Defendants after they complained to the Bureau's Ombudsman about the Office of Enforcement's policies or because Defendants "refused to capitulate" to unspecified but allegedly "unreasonable" Bureau "demands." Rather, the Bureau served CIDs seeking Defendants' business records regarding their debt collection and credit reporting practices in connection with conducting an investigation of Defendants' compliance with certain laws and, after finding evidence of widespread violations, the Bureau brought suit against Defendants. But even if the Court were to accept Defendants' bald allegations of misconduct as plausible for purposes of resolving this motion (and it should not), Defendants have not identified a single case holding that allegations like these constitute the "egregious misconduct" sufficient to sustain an unclean hands defense against the government. *See also* Pl. Br. at 7-8 (collecting cases reflecting the high bar for establishing egregious misconduct). Accordingly, the defense fails a matter of law.

In addition to failing to allege egregious government misconduct, Defendants have also not alleged that the misconduct bears a nexus to their defense of this action, that there was any resulting prejudice to their defense to this action, and that such prejudice rises to a constitutional level. *See* Pl. Br. at 8-9. Indeed, they have made no connection whatsoever between the Bureau's alleged conduct in the investigation and their defense of this lawsuit. While Defendants assert

that during the Bureau's investigation they "produced thousands of documents in violation of their due process rights," Opp. Br. at 7, as discussed above, in all but one instance, Defendants failed to pursue, let alone exhaust, the administrative process that was available to them for challenging the Bureau's CIDs. And with respect to the one CID for which they filed a petition to the Bureau's Director, after the Director denied the petition, they elected to produce the requested documents rather than seeking to challenge the CID in a federal district court. Defendants' decision to produce documents requested by the Bureau in its various CIDs without pursuing the administrative process available to them at the time does not constitute prejudice. Moreover, Defendants do not explain why producing documents during the investigation would prejudice them in defending against this action. Defendants promise the Court that, if given leave to amend, they will then "specifically explain how the Bureau's pre-litigation conduct prejudiced their defense of this claim and how such conduct rises to a Constitutional level." Opp. Br. at 6. Defendants have now had two opportunities to plead this element in their Answers and Amended Answers, and another to clarify it in their opposition brief. They have not done so and their unclean hands should therefore be stricken with prejudice. *See* Pl. Br. at 14.

### III. DEFENDANTS' AMENDED *BONA FIDE* ERROR DEFENSE SHOULD BE STRICKEN

Defendants' opposition still does not identify any specific error in support of their amended *bona fide* error defense. As a result, it falls far short of identifying the "who, what, where, when" of any error, as required by Rule 9(b). *See Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 103 (M.D. Pa. 2016). It is not surprising that Defendants have not identified any specific error. Here, the Bureau has alleged that Defendants were on notice of widespread warning signs across debt portfolios, including that certain portfolios of debt were disputed at high rates and that Defendants were unable to obtain substantiation that certain debts were owed,

5

but, despite those warning signs, Defendants continued to misrepresent that they had a reasonable basis to assert that those debts were owed. *See* ECF No. 1, ¶¶ 78-81, 118-123. This was a widespread, systemic failure by Defendants, not an isolated error. *See FTC v. Swatsworth*, No. 17-cv-340 (GCM), 2018 WL 4016312, *10 (W.D.N.C. Aug. 22, 2018) ("ACDI and STP knew or should have known that there was not a colorable basis for the purported debts after they knowingly purchased the Portfolio from a disreputable source and received an unusually high number of disputed claims. Nonetheless, they continued to solicit and collect on the debts. Thus, the FDCPA violations were not solely a result of a bona fide error, and Defendants' affirmative defense fails as a matter of law.").

Likewise, even if Defendants had identified a specific error, Defendants still have failed to identify policies that were maintained and reasonably adapted to avoid any such error. Defendants have again simply listed many of their policies and procedures regarding debt collection and credit reporting. Opp. Br. at 4-5. Because these policies are not tied to any specific error (which they cannot be, because Defendants have not identified any specific error), they cannot support a *bona fide* error defense. *See* Pl. Br. at 13. Accordingly, Defendants' amended *bona fide* error defense should be stricken with prejudice.

## IV. DEFENDANTS' AMENDED CONSTITUTIONALITY DEFENSES SHOULD BE STRICKEN

Defendants claim that they are asserting affirmative defenses related to the constitutionality of Bureau's structure to preserve the issues for appeal. But these issues have already been preserved for appeal because they were raised by Defendants and ruled upon by the Court in its Order denying Defendants' motion to dismiss. ECF No. 23; *see Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2020 WL 2062324, at *2-3 (S.D. Fla. Apr. 29, 2020). Moreover, the issues are strictly legal issues about which no discovery is necessary, and

therefore any discovery would be prejudicial to the Bureau. Accordingly, they should be stricken.

## CONCLUSION

For all these reasons, and the reasons identified in the Bureau's opening memorandum of law, the Court should grant the Bureau's Motion to Strike Defendants' Amended Affirmative Defenses and strike the challenged defenses with prejudice.


Dated:  March 8, 2021                                   Respectfully submitted,

                                                        CARA M. PETERSEN
                                                        *Acting Enforcement Director*

                                                        DAVID M. RUBENSTEIN
                                                        *Deputy Enforcement Director*

                                                        THOMAS KIM
                                                        *Assistant Deputy Enforcement Director*

                                                        /s/  Jessica Rank Divine
                                                        Jessica Rank Divine (District of Maryland Bar No.
                                                           810852; New York Bar No. 4544573)
                                                        Carl L. Moore (District of Maryland Bar
                                                           No. 811325; Maryland Attorney No. 0912160268)
                                                        Kevin E. Friedl (District of Maryland Bar
                                                           No. 811730; New York Bar No. 5240080)
                                                        Consumer Financial Protection Bureau
                                                        1700 G Street NW
                                                        Washington, DC 20552
                                                        Telephone (Divine): 202-435-7863
                                                        Telephone (Moore): 202-435-9107
                                                        Telephone (Friedl): 202-435-9268
                                                        Fax: 202-435-7722
                                                        jessica.divine@cfpb.gov
                                                        carl.moore@cfpb.gov
                                                        kevin.friedl@cfpb.gov

                                                        *Attorneys for the Consumer Financial Protection Bureau*