IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-19-2817 |
| FAIR COLLECTIONS & OUTSOURCING, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Consumer Financial Protection Bureau ("CFPB" or "Bureau") brings this action against Fair Collection and Outsourcing, Inc., a third-party debt collection agency headquartered in Beltsville, Maryland. ECF No. 1. The suit also names as Defendants three affiliated companies—Fair Collections & Outsourcing of New England, Inc. ("FCO NE"), FCO Worldwide, Inc., and FCO Holding, Inc—and their owner, Michael E. Sobota, personally (hereinafter collectively referred to as "FCO" or "Defendants"). *Id.* The CFPB's Complaint asserts causes of action under the Credit Furnishers Rule, 12 C.F.R. § 1022.42 (Count I), the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (Counts II through VI), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (Count VII). *Id.* ¶¶ 88–123. Now pending before the Court are Defendant FCO NE's Motion for Extension of Time to File Answer, ECF No. 40, and Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses, ECF No. 46. No hearing is necessary. Loc. R. 105.6 (D. Md. 2018). For the following reasons,

1

Defendant's Motion for Extension and Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses are granted.

I.     **BACKGROUND**[1]

According to the Complaint, Defendants operate the largest debt collection company in the multi-unit housing industry. ECF No. 1 ¶ 1. Plaintiff further allege that Defendants collect debt on behalf of assisted living facilities and large apartment complexes, including student and military housing. *Id.* On September 25, 2019, the CFPB filed a seven-count Complaint against Defendants, alleging Defendants failed to take steps to ensure the accuracy of the information about consumers that they furnish to consumer-reporting agencies, failed to conduct reasonable investigations of consumers' disputes about debts Defendants placed on their credit reports, reported information that was alleged to have been the result of identity theft without determining whether the information was accurate, and collected debt without a reasonable basis to assert it was owed. ECF No. 1 ¶¶ 88–123.

In November 2019, Defendants moved to dismiss this lawsuit on the basis that the CFPB was unconstitutional and therefore lacked standing. ECF No. 7. Defendants alternatively moved for a stay of proceedings until the Supreme Court decided *Seila Law v. Consumer Financial Protection Bureau*, as that case involved the constitutionality of the CFPB. *See id.* On June 29, 2020, before this Court ruled on Defendants' motion, the Supreme Court decided *Seila Law*, holding that the for-cause removal provision of the CFPB's single director contained in the CFPB's enabling statute violates Article II of the Constitution, but finding that clause separable,

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

and thus upholding the constitutionality of the agency. *See Seila Law v. Consumer Financial Protection Bureau*, ___ U.S. ___, 140 S. Ct. 2183 (2020).

Three days after the issuance of the *Seila Law* opinion, the Bureau's Director filed a declaration ratifying the Bureau's decision to bring this lawsuit. ECF No. 14-1 ¶ 5. Defendants moved for leave to file supplemental briefing to address the legality of the Director's post-*Seila Law* ratification. ECF No. 15. This Court granted Defendants' motion. ECF No. 18. Defendants submitted supplemental briefing on September 14, 2020, arguing both that the ratification in this case was invalid and that the CFPB's funding structure is unconstitutional. ECF No. 19. The CFPB responded on September 21, 2020, ECF No. 20, and Defendants submitted their reply on October 5, 2020, ECF No. 22.

On November 30, 2020, the Court issued a Memorandum Opinion and Order denying Defendants' Motion to Dismiss and ordering them to answer Plaintiff's Complaint. ECF Nos. 23 & 24. Defendants did so on December 28, 2020. ECF No. 30; ECF No. 31; ECF No. 32; ECF No. 33; ECF No. 34. On January 19, 2021, Plaintiff filed a Motion to Strike Defendants' Affirmative Defenses. ECF No. 35. Defendants then filed Amended Answers to Plaintiff's Complaint that same day. ECF No. 36; ECF No. 37; ECF No. 38; ECF No. 39. One Amended Answer, from Defendant FCO NE, was inadvertently not filed with the others, but Defendant FCO NE filed a Motion for Extension of Time to File Answer along with the Amended Answer the following day, January 20, 2021. ECF No. 40.[2] On January 25, 2021, Plaintiff withdrew its Motion to Strike Defendants' Affirmative Defenses in light of Defendants' Amended Answers. ECF No. 45.

---

[2] Defendant FCO NE's Motion is granted, and the attached Amended Answer, ECF No. 40-2, is now Defendant FCO NE's operative answer.

On February 9, 2021, however, Plaintiff filed a Motion to Strike Defendants' Amended Affirmative Defenses. ECF No. 46. Plaintiff's Motion asks the Court to strike four defenses: *bona fide* error, unclean hands, and two constitutional defenses related to the CFPB's structure. *See id.* Defendants responded on February 22, 2021, ECF No. 47, and Plaintiff replied on March 8, 2021, ECF No. 49.

## II.     STANDARD OF REVIEW

Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In addition, courts "generally require the moving party to establish that the materials to be struck prejudice the moving party in some way." *Asher & Simons, P.A. v. j2 Glob. Can., Inc.*, 965 F. Supp. 2d 701, 705 (D. Md.), *partial reconsideration on other grounds*, 977 F. Supp. 2d 544 (D. Md. 2013). "[A] movant can demonstrate prejudice by showing that, for example, inclusion of the defense will affect the scope of discovery." *LNV Corp. v. Harrison Fam. Bus., LLC*, No. CV ELH-14-03778, 2015 WL 5836903, at *6 (D. Md. Oct. 1, 2015).

Neither the Supreme Court nor the Fourth Circuit has ruled on whether *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to affirmative defenses. Although judges in this district have reached different conclusions, *see Alston v. Transunion*, No. GJH–16–491, 2017 WL 464369, at *2 (D. Md. Feb. 1, 2017) (comparing cases), the majority of judges in this district "ha[ve] held that the heightened pleading standard of *Twombly* and *Iqbal* applies to affirmative defenses," *Ultimate Outdoor Movies, LLC v. FunFlicks, LLC*, No. SAG–18–2315, 2019 WL 3323221, at *2 (D. Md. July 24, 2019). For the reasons stated by this Court in *Transunion*, 2017 WL 464369, at *2–3—namely,

4

litigation efficiency as well as fairness between the parties, who would otherwise be allowed to operate under different standards—the Court will apply the heightened *Twombly/Iqbal* pleading standard to Defendants' affirmative defenses.

Although district courts are afforded significant discretion when considering a motion to strike, the Fourth Circuit has held that these motions are often disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Wright & Miller, Fed. Prac. & Proc. § 1380, 647 (2d ed. 1990)). When considering a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D. W. Va. 1993). "[W]hen affirmative defenses are stricken, the defendant should normally be granted leave to amend." *Mut. Benefit Ins. Co. v. R. Gates Constr. Co.*, No. CV RDB-20-0069, 2020 WL 5798069, at *2 (D. Md. Sept. 29, 2020) (citing *Banks v. Realty Mgmt. Serv., Inc.*, No. 1:10CV14 (JCC/TCB), 2010 WL 420037, at *1 (E.D. Va. Jan. 29, 2010)).

### III. DISCUSSION

Defendants assert five affirmative defenses, and Plaintiff takes issue with all but the first, a statute of limitations defense. Specifically, Defendants assert and Plaintiff contests: (1) that Defendants are not liable for alleged FDCPA violations due to the *bona fide* error defense provided for in 15 U.S.C. § 1692k(c); (2) that Plaintiff is barred from seeking equitable relief by the doctrine of unclean hands; (3) that the Bureau's structure violated Article II of the Constitution at the time this lawsuit was filed, and thus its actions at that time were invalid; and (4) that the structure of the Bureau violates Article I, Section 9, Clause 7 of United States Constitution because the Bureau is not accountable to Congress through the appropriations

process, meaning Plaintiff lacks standing to bring this action. ECF No. 46. The Court will address each in turn.

### A. *Bona Fide* Error Defense

Pursuant to 15 U.S.C. § 1692k(c), a debt collector can avoid liability for a violation of the FDCPA "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Accordingly, to avail themselves of the defense, Defendants "have to establish: (1) the alleged violation was unintentional, (2) the alleged violation resulted from a bona fide error, and (3) the bona fide error occurred despite procedures designed to avoid such errors." *Beck v. Maximus, Inc.*, 457 F.3d 291, 297–98 (3d Cir. 2006) (citing *Johnson v. Riddle*, 443 F.3d 723, 727–28 (10th Cir. 2006); *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005)).

At the pleading stage, a *bona fide* error defense is subject to the heightened pleading standard of Rule 9(b), which applies to allegations of fraud or mistake. *See, e.g.*, *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010); *Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 103 (M.D. Pa. 2016). To satisfy Rule 9(b), a *bona fide* error defense must therefore allege "the who, what, when, where, and how" of the alleged error. See *Balon*, 316 F.R.D. at 103; *see also U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 280–81 (4th Cir. 2014) (holding that a party must plead the "who, what, when, where, and how" of alleged fraud to meet Rule 9(b) standard); *Rahman v. San Diego Accts. Serv.*, No. 16CV2061-JLS (KSC), 2017 WL 1387206, at *3 (S.D. Cal. Apr. 18, 2017) (finding Rule 9(b) standard not satisfied where the defendant asserted that it verified the debt prior to collection, but "[n]oticeably lacking—at minimum—are any assertions regarding what <u>particular</u> policies and procedures [the defendant]

6

has in place to verify debts, or <u>how</u> or <u>when</u> Defendant attempted to verify this particular debt")
(emphasis in original).

Defendants allege that they maintain "detail[ed] policies and procedures for furnishing accurate information to the consumer reporting agencies, including policies and procedures focused on obtaining data from creditors, confirming the accuracy and integrity of that data, receiving, reviewing, investigating, and responding to consumer disputes (direct and indirect), auditing, and training employees." *See* ECF No. 36 at 14.[3] Defendants further allege, "[t]o the extent an[] error occurred in the collection process, including credit reporting, those errors were not intentional." *Id.* But Defendants have identified neither specific errors nor specific policies that were maintained to avoid such errors. Moreover, they have not "explain[ed] their procedures," as they assert in their Opposition to Plaintiff's Motion to Dismiss. ECF No. 47 at 4. Accordingly, their defense is not sufficiently particular and will be struck. *Cf., e.g.*, *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010); *Racick v. Dominion L. Assocs.*, 270 F.R.D. 228, 235 (E.D.N.C. 2010). However, Defendants will be allowed 14 days from the entry of this order in which to file an amended affirmative defense curing the defects identified here. *See Mut. Benefit Ins. Co.*, No. CV RDB-20-0069, 2020 WL 5798069, at *2 (citing *Banks*, No. 1:10CV14 (JCC/TCB), 2010 WL 420037, at *1).

### B. Unclean Hands Defense

Defendants further assert an unclean hands defense, alleging that Plaintiff engaged in "duplicitous conduct evidenced by its disregard of its own NORA process and through its multiple serving of Civil Investigative Demands designed to harass and punish the Defendant for

---

[3] The same language is repeated in each of the Amended Answers, but for efficiency, the Court will cite to only one of them.

7

its refusal to capitulate to the Plaintiff's unreasonable and excessive demands." ECF No. 36 at 14–15. Generally, an unclean hands defense is not available in an action, such as this one, against a government agency attempting to enforce a congressional mandate in the public interest. *See, e.g.*, *United States ex rel. Mandel v. Sakr*, No. 17-CV-907S, 2021 WL 1541490, at *2 (W.D.N.Y. Apr. 20, 2021). However, some courts have found this rule does not apply "where the agency's misconduct was egregious and the resulting prejudice to the defendant rose to a constitutional level." *SEC v. Laura*, No. 18CV5075NGGVMS, 2020 WL 8772252, at *3 (E.D.N.Y. Dec. 30, 2020) (quoting *SEC v. Rosenfeld*, 97-cv-1467 (RPP), 1997 WL 400131 at *2 (S.D.N.Y. July 16, 1997)); *see also SEC v. Cuban*, 798 F. Supp. 2d 783, 792 (N.D. Tex. 2011); *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989), *cert. denied*, 496 U.S. 142 (1990).

Defendants' amended affirmative defense does not meet this standard. While Plaintiff's conduct as alleged may have been improper and even illegal, Defendants have not alleged "egregious" conduct or shown how the prejudice from that conduct "rose to a constitutional level." Defendants argue they should nevertheless be given leave to amend in order to "specifically explain how the Bureau's pre-litigation conduct prejudiced their defense of this claim and how such conduct rises to a Constitutional level." ECF No. 47 at 6. But Defendants have already had one opportunity to revise their affirmative defense according to that standard— after Defendants filed their original affirmative defenses, Plaintiff moved to strike them, citing the "egregious" and "constitutional level" standard outlined in *SEC v. Cuban* and *SEC v. Electronics Warehouse, Inc.*, among other cases. *See* ECF No. 35-1 at 6–7. Defendants then filed amended affirmative defenses that nevertheless failed to comply with that standard. Moreover, Defendants do not state facts or authority in their Opposition suggesting that they could meet the

standard if given another chance. Accordingly, as in *Fed. Trade Comm'n v. Consumer Health Benefits Ass'n*, "the Court still finds the defense to be insufficient as [Defendants] neither provide[] the Court with any authority that [Plaintiff's] actions constitute egregious misconduct or that any resulting prejudice [Defendants] suffered as a result of the actions rose to the constitutional level. No. 10CIV3551ILGRLM, 2011 WL 13295634, at *5 (E.D.N.Y. Oct. 5, 2011). Finally, given the legal insufficiency of Defendants' unclean hands defense, the Court finds that inclusion of the defense, which would affect the scope of discovery, would unduly prejudice Plaintiff. *See LNV Corp. v. Harrison Fam. Bus., LLC*, No. CV ELH-14-03778, 2015 WL 5836903, at *13 (D. Md. Oct. 1, 2015). Defendants' unclean hands defense will thus be struck.

### C. Constitutional Defenses

Finally, Defendants include two defenses related to the CFPB's allegedly unconstitutional structure "[t]o preserve the record for appeal," ECF No. 36 at 14–15, as this Court has already rejected both arguments in its prior Memorandum Opinion, *see* ECF No. 23. However, as in *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, "[t]he Court rejects Defendants' contention that the constitutionality argument must be reasserted as an affirmative defense in order to preserve it for appeal." No. 9:17-CV-80495, 2020 WL 2062324, at *2 (S.D. Fla. Apr. 29, 2020); *cf. Young v. City of Mount Ranier*, 238 F.3d 567, 572–73 (4th Cir. 2001) ("[I]f a claim is dismissed without leave to amend, the plaintiff does not forfeit the right to challenge the dismissal on appeal simply by filing an amended complaint that does not re-allege the dismissed claim."). Moreover, it shares the concerns of the court in *Ocwen* that allowing these defenses to proceed—notwithstanding Defendants' assurances that they are only including the defenses in order to preserve them for appeal—could "unnecessarily consume the Court's

9

resources." No. 9:17-CV-80495, 2020 WL 2062324, at *2. Plaintiff's Motion to Strike is therefore granted with respect to Defendants' third and fifth affirmative defenses.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Extension and Defendants' Motion to Strike Defendants' Amended Affirmative Defenses are granted. Defendants will be permitted to amend their answers regarding the *bona fide* error defense within 14 days of the Order being filed with this Opinion.

Dated: June 30, 2021

/s/ _____
GEORGE J. HAZEL
United States District Judge